**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DANIEL ENOCH HOWARD,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-4608** |
| | : | |
| **COMMONWEALTH,** | : | |
| **Defendant.** | : | |

**<u>MEMORANDUM</u>**

**COSTELLO, J.** **AUGUST 17, 2026**

*Pro se* Plaintiff Daniel Enoch Howard commenced this civil action by filing a Complaint naming "Commonwealth," presumably the Commonwealth of Pennsylvania, as the lone Defendant. (ECF No. 2.) Howard also seeks leave to proceed *in forma pauperis*. (*See* ECF No. 1.) For the following reasons, the Court will grant Howard leave to proceed *in forma pauperis* and dismiss the Complaint on statutory screening pursuant to 28 U.S.C. § 1915.

## I. FACTUAL ALLEGATIONS[1]

In his handwritten form Complaint, Howard appears to take issue with criminal charges filed against him on February 14, 2026, in Philadelphia. (*See* Compl. at 4.) Howard states that he was "taken into custody for CC 3303B, CC 3921, CC 3929," that he was "arrested and later discharge[d]" by the Philadelphia Police at the "downtown Giant." (*Id.*) He asserts that there are "loop holes and a lot of grey areas about what happened," that he suffered "emotional distress"

[1] The facts set forth in this Memorandum are taken from Howard's Complaint (ECF No. 2). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system. Grammar, spelling, and punctuation errors are modified where necessary. Additionally, the Court includes facts reflected in publicly available state court records, of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

and "harassment" at Giant, and that he received "no medical treatment." (*Id.* at 5.)

Howard states that he wishes to "come to a mediation and explain to the court what those charges are." (*Id.*) He asserts that "popcorn chicken, french fries, [and] fruit punch don't go with what [he] did [and] doesn't line up." (*Id.*) He claims that he "took something less than 15 dollars" and that "having control of other people's belongings [is] not true." (*Id.*)

Publicly available state court dockets indicate that Howard was arrested on February 13, 2026, and arraigned the next day on charges of retail theft and criminal trespass, in violation of 18 Pa. Cons. Stat. §§ 3929 and 3503, respectively. *See Commonwealth v. Howard*, No. MC-51-0002669-2026 (Phila. Mun. Ct.). He was released on his own recognizance on February 14. *Id.* It is not clear what the next scheduled event is on those pending charges.

## II. STANDARD OF REVIEW

Because it appears that Howard is incapable of paying the fees to commence this civil action, the Court will grant leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Howard's Complaint if it fails to state a claim. The Court applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), that is, whether a complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in the plaintiff's favor, and "ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (citation modified), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115

F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) ("A plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue.").

As Howard is proceeding *pro se*, the Court construes the allegations in the Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* (quoting *Mala*, 704 F.3d at 244). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.* (quoting *Mala*, 704 F.3d at 245).

In that regard, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). Rule 8 requires a pleading to include a "short and plain statement showing that the pleader is entitled to relief," as well as a statement of the court's jurisdiction and a demand for the relief sought. Fed. R. Civ. P. 8(a). In determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by [the named] defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). "Naturally, a pleading that is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* (citation modified). The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

The Court must also review the pleadings and dismiss the matter if it determines that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)); *see also* Fed. R. Civ. P. 8(a)(1) (requiring that a pleading contain "a short and plain statement of the grounds for the court's jurisdiction" in order to state a claim to relief).

**III. DISCUSSION**

It is not clear what claims Howard is attempting to assert. The only relief he seeks is "mediation" in order to "explain to the Court" what charges are pending against him and what he did. (Compl. at 5.) He names only the Commonwealth as a Defendant and, in invoking the Court's federal question jurisdiction under 28 U.S.C. § 1331, he cites only to state criminal statutes. (*See id.* at 2-3.) But federal courts are courts of limited jurisdiction, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and federal question jurisdiction extends only to "civil actions arising under 'the Constitution, laws, or treaties of the United States,'" *Rockefeller v. Comcast Corp.*, 424 F. App'x 82, 83 (3d Cir. 2011) (*per curiam*) (quoting 28 U.S.C. § 1331). Accordingly, he has not stated a plausible, cognizable federal claim, and his Complaint must be dismissed for lack of subject matter jurisdiction.[2]

[2] Moreover, to the extent Howard seeks money damages from the Commonwealth, (*see* Compl.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Howard leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice for lack of subject matter jurisdiction. *See N.J. Physicians, Inc. v. President of U.S.*, 653 F.3d 234, 241 n.8 (3d Cir. 2011) (explaining that dismissals for lack of subject matter jurisdiction are "by definition without prejudice" (citation omitted)). However, he will not be given leave to amend at this time.

**BY THE COURT:**

**MARY KAY COSTELLO, J.**

at 5), the Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages, *see Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). The Commonwealth of Pennsylvania has not waived that immunity. *See* 42 Pa. Cons. Stat. § 8521(b). Accordingly, the claims for money damages Howard seeks to assert against the Commonwealth of Pennsylvania may not proceed. And to the extent that Howard intends to assert a claim with the mention of "no medical treatment," (Compl. at 5), that passing reference is not sufficient to state a claim. *See Higgins v. Bayada Home Health Care Inc.*, 62 F.4th 755, 763 (3d Cir. 2023) ("A passing reference to an issue will not suffice to bring that issue before this court.") (citation modified) (quoting *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994)). If Howard received constitutionally inadequate treatment for his serious medical needs while in police custody, the dismissal of this case is without prejudice to his filing a new action that includes facts about such a claim.